UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

KOLOGIK, LLC, ET AL.[1]                   CASE NO. 24-10311
    DEBTORS                                    CHAPTER 11
                                                           (JOINT ADMINISTRATION)

JACKSON SMITH THOMAS
    PLAINTIFF

V.                                                                  ADVERSARY NO. 24-01019

KOLOGIK, LLC
MISSISSIPPI RIVER BANK
MERCHANTS & MARINE BANCORP, INC.
    DEFENDANTS

## MEMORANDUM OPINION

A hearing on the Motion for Summary Judgment filed by Mississippi River Bank ("MRB") and Merchants & Marine Bancorp, Inc. ("MMB") ("Banks' Motion") came before the court on March 26, 2025.[2] At the conclusion of the hearing, the court took the matter under advisement. This Memorandum Opinion addresses only the Banks' Motion.

## I. Facts and Procedural History

In June 2023, Jackson Smith Thomas ("Thomas") commenced a suit against Kologik, LLC ("Kologik") in state court.[3] On June 15, 2023, Thomas obtained an order directing that a Writ of

---

[1] The debtors and debtors-in-possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: ResolveKo, LLC (formerly Kologik, LLC) (3729), Case No. 24-10311; ResolveKo Capital LLC (formerly Kologik Capital, LLC) (3729) Case No. 24-10312; and ResolveKo., Ste. #1600, Baton Rouge, LA, 70801.

[2] The Partial Motions for Summary Judgment filed by Jackson Smith Thomas [P-40] and Kologik, LLC [P-46] were also heard on March 26, 2025. Those motions will be addressed in a separate opinion.

[3] Case no. 733437, 19th Judicial District Court, Parish of East Baton Rouge.

Sequestration be issued to MRB ("Writ").[4] Importantly for this case, the state court judge struck through some language of the proposed order before signing it, making it clear that the Writ does not apply to future deposits of funds. Specifically, the Writ provided in pertinent part:

> [P]ursuant to La. Code Civ. Pro. Article 3511, once said property is attached, sequestered and held as ordered, [Thomas] shall be entitled to a privilege from the time … of seizure **if judgment is rendered maintaining the attachment (emphasis added)** on:
>
> a. Any and all … property … held or owned by [Kologik], including any account in any financial institute where Defendant may deposit funds sufficient to satisfy [Thomas'] claims ~~and any such property which may come into the Defendant's possessions in the future~~, …
>
> b. Any and all funds and credit currently held in the account(s) of [Kologik] at [MRB], ~~and those which may be deposited in the future sufficient to satisfy Plaintiff's claim~~, …

A Notice of Sequestration was served on MRB on June 29, 2023.[5] It is undisputed that on June 29, 2023, Kologik owed MRB in excess of $1.5 million. Kologik maintained four accounts with MRB: two loan accounts, a cash collateral account, and a commercial checking account. The balances of each account, also undisputed, were as follows:

| | |
|---|---:|
| Loan Account No. xxxxxx0007 | ($427,123.29) |
| Loan Account No. xxxxxx4098 | ($1,100,000.00) |
| Cash Collateral Account No. xxxxxx6111 | $8,875.23 |
| Commercial Checking Account No. xxxxxx6677 | $292,952.97 |
| Total | ($1,225,295.09)[6] |

These balances are not disputed by Thomas. A Lockbox Agreement was entered between Kologik and MRB on July 8, 2018. As an aside, that agreement was signed by Thomas as the authorized representative of Kologik. Among other things, that agreement authorized MRB

---

[4] P-40, Exh. J.

[5] P-43, Exh. 1B.

[6] P-43, Exh. 1G, 1H, 1-I, 1J.

"… to make withdrawals weekly from the cash collateral account established pursuant to this authorization for the purpose of application to debt of Kologik…"[7]

The day after the Writ was served on MRB, or June 30, 2023, the state court issued an order dissolving the Writ ("Dissolution Order") and ordering the Clerk of Court to fax a copy of the Dissolution Order to MRB.[8]

On July 14, 2023, Thomas' counsel, Heather Cross, emailed Mike O'Connor at MRB, advising him that the state court had ruled at a hearing the day before that the Writ was properly issued and maintained.[9] On July 18, 2023, the state court issued a judgment maintaining the Writ ("July 18 Judgment").[10] The next day, Thomas' counsel emailed MRB's employee, Mike O'Connor, "a copy of the proposed order maintaining the Writ … that ha[d] been submitted … for signature, along with a copy of the Minute Entry memorializing same …"[11] The Minute Entry from the state court hearing on July 13, 2023, at which MRB was represented by counsel, provides:

> This matter came before the Court for a hearing. Present in Court was Heather A. Cross and Thomas M. McEachin on behalf of plaintiff. Present for defendant was Jack K. Whitehead Jr. The matter was argued by counsels and submitted to the Court. Whereupon, the Court moots petition for nullity and motion for suspensive appeal. The Court will consider the motion for consolidation. Plaintiff's counsel is to prepare an order with today's oral ruling and submit to the Court for signature within 10 days.[12]

MRB was never served with a signed copy of the July 18 Judgment.

---

[7] P-43, Exh. 1F.

[8] P-43, Exh. 1C.

[9] P-61, Exh. D.

[10] P-43, Exh. 1D.

[11] P-43, Exh. 1E.

[12] *Id.*

On July 18, 2023, the balances of each Kologik account at MRB were as follows:

| | |
|---|---:|
| Loan Account No. xxxxxx0007 | ($427,123.29) |
| Loan Account No. xxxxxx4098 | ($506,030.44) |
| Cash Collateral Account No. xxxxxx6111 | $4,554.27 |
| Commercial Checking Account No. xxxxxx6677 | $2,273.72 |
| Total | ($926,325.74)[13] |

Thomas does not dispute these balances either. In summary, at no time between the original issuance of the Writ and its reinstatement did MRB's loan balance dip below $900,000.

Thomas did not seek answers from MRB regarding what property of Kologik it held and did not seek a contradictory hearing against MRB. No final judgment has been issued that would require MRB to deliver any funds to the sheriff or Thomas.

On September 15, 2023, MRB assigned Kologik's loans to a third party and closed those accounts. The commercial checking account was subsequently closed. MMB acquired MRB after these events took place.[14]

Kologik filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 23, 2024.[15] MRB turned over the funds in the cash collateral account ($121,825.10) to Kologik as debtor-in-possession and then closed the account.

Thomas filed an unsecured claim for $837,412.[16] Thomas also filed this adversary proceeding against the MRB, MMB, and Kologik on June 27, 2024. The court entered an order on November 18, 2024, consolidating Kologik's objection to Thomas' claim with this adversary

---

[13] P-43, Exh. 1G, 1H, 1K, 1L.

[14] Complaint [P-1¶ 4]; MRB's and MMB's Answer [P-7, p. 8].

[15] Case no. 24-10311.

[16] Case no. 24-10311, Proof of Claim 21.

proceeding.[17] All parties have stipulated that they consent to this court's entry of a final judgment on non-core claims.[18]

Thomas alleges in his complaint that he is owed damages by MRB for failing to honor the Writ. He also seeks a judgment declaring that he is entitled to a privilege on Kologik's MRB accounts as of June 15, 2023, pursuant to La. C.C.P. art. 3511. The Banks' Motion essentially contends that under no circumstances could Thomas prove he was entitled to get paid anything on account of the Writ.

## II. Summary Judgment Standard

F.R.B.P. 7056 makes F.R.C.P. 56 applicable in adversary proceedings, so jurisprudence construing Rule 56 is equally applicable to motions under F.R.B.P. 7056. The Fifth Circuit held in *Pena v. Gonzalez*,[19] that "[s]ummary judgment is proper where 'competent summary judgment evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'"[20] This court is therefore tasked with deciding whether there is a need for a trial against MRB or MMB.

## III. Law and Analysis

Thomas is seeking damages against MRB for violation of the Writ and Notice of Sequestration. He also seeks a declaration that he is entitled to a privilege on Kologik's accounts at MRB as of June 15, 2023. Akin to the analysis employed in legal malpractice claims necessarily requiring a plaintiff to prove "the case within the case," this court must decide at this stage whether Thomas could have possibly proved at trial in the state court that he was somehow

---

[17] Case no. 24-10311, P-281.

[18] P-19.

[19] *Pena v. Gonzalez,* No. 24-20163, 2025 WL 789548, at *1 (5th Cir. Mar. 12, 2025),

[20] *Id*. at *1 (citing *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442-43 (5th Cir. 2009)).

entitled to prime MRB's rights of setoff. The simple answer is no. This court views Thomas's right to damages against MRB from the standpoint of what he could have received had MRB frozen the money or deposited a bond to protect the Writ until a judgment could be rendered. If all these things had happened (*i.e.*, the absolute best-case scenario for Thomas), Thomas would still be stymied by the substantial loan balance owed to MRB by Kologik and MRB's priming rights of setoff.

At a minimum, MRB had a perfected security interest in Koligik's accounts by control pursuant to La. C.C.P. art. 104(a)(1).[21] The court notes the high likelihood, if not a virtual certainty, that MRB also had contractual rights of setoff, but those loan documents are not part of the record and are not considered in this decision. MRB's statutory security interest had priority over any interest acquired by Thomas because 1) it was perfected earlier pursuant to La. R.S. §10: 9:317(a)(2),[22] and 2) pursuant to La. R.S. 10:9-327(3), which provides in pertinent part that "a security interest held by the bank with which the deposit account is maintained has priority over a conflicting security interest held by another secured party." La. R.S. 10:9-341 is clear that the Writ did not alter MRB's rights; it provides:

> Except as otherwise provided in R.S. 10:9-340(c), and unless the bank otherwise agrees in a signed record, a bank's rights and duties with respect to a deposit account maintained with the bank are not terminated, suspended, or modified by:
>
> (1) the creation, attachment, or perfection of a security interest in the deposit account;
>
> (2) the bank's knowledge of the security interest; or
>
> (3) the bank's receipt of instructions from the secured party.

---

[21] La. C.C.P. art. 104(a)(1) provides that "[a] secured party has control of a deposit account if … the secured party is the bank with which the deposit account is maintained.

[22] MRB's security interest was perfected by control before the Writ was issued. La. C.C.P. art. 3511 provides that "a creditor who seizes property under a writ of attachment or of sequestration acquires a privilege from the time of seizure if judgment is rendered maintaining the attachment or sequestration."

MRB had a right of compensation and setoff pursuant to La. R.S. § 6:316, which provides in pertinent part:

> A. Notwithstanding the provisions of Civil Code Articles 1893 et seq., compensation takes place by operation of law between funds held on deposit with any bank domiciled or having a branch office in this state and any loan, extension of credit, or other obligation incurred by the depositor in favor of the bank. This compensation shall apply to those funds on deposit which the depositor has the right to withdraw on his request or endorsement alone, except funds deposited in an Individual Retirement Account or other type of tax-deferred account. The funds to which this compensation applies shall be deemed to be pledged by the depositor in favor of the depository bank. …
>
> C. In the event that the depositor should default under any loan, extension of credit or other direct or indirect obligation of any nature and kind whatsoever in favor of the depository bank, the bank shall have the right to apply any and all funds that the depositor then has on deposit with the bank or on which the bank has taken a security interest under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.) towards the payment of the depositor's indebtedness or obligations, whether such payment satisfies the indebtedness or obligations in whole or in part. The exercise of the bank's remedies under this Subsection shall not affect any other rights and remedies available to the bank following the depositor's default. …
>
> E. The rights and remedies afforded to banks under this Section shall be in addition to a depository bank's contractual rights of compensation or setoff as provided in customer notes and agreements and shall further be in addition to any other rights and remedies that a depository bank may have with regard to customer deposit accounts on which the bank may have a security interest subject to Chapter 9 of the Louisiana Commercial Laws.
>
> F. Notwithstanding the provisions of Civil Code Articles 1893 et seq., compensation or setoff shall occur by operation of law between any funds held on deposit with the bank and any and all loans, extensions of credit, or other obligations of the depositor incurred in favor of the bank, except that those funds held in any account designated as a trust account established on behalf of a person or persons other than the named depositor shall not be subject to compensation or setoff as provided in this Section.

The Writ applied only to funds of Kologik held in those accounts that day, as evidenced by the fact the state court judge struck through language regarding future deposits. Accordingly, no future deposits into those accounts were subject to the Writ. And although the parties made

much ado about receiving notice and what date over that month timeframe should be used to quantify damages, the result here is the same irrespective of the date chosen.

Again, a judgment for damages in favor of Thomas would require him to prove he would have ultimately prevailed in the state court in recovering some funds from MRB pursuant to the Writ.  At the hearing, counsel for Thomas spent a great deal of time emphasizing the fact that the MRB representative admitted in his deposition that the loans were not in default during the relevant one-month period between June 15, 2023, and July 18, 2023.  That emphasis was misplaced, as the crucial question now is "would a formal garnishment later on have triggered a default sufficient to invoke MRB's rights of setoff?"  The answer to that is a resounding yes.

To recover from the accounts, Thomas would have had to seek garnishment at some point.  La. C.C.P. art. 3503 provides that "garnishment under a writ of attachment or of sequestration is governed by the rules applicable to garnishment under a writ of fieri facias." Thomas did not seek answers from MRB regarding what property of Kologik it held pursuant to those rules, specifically La. C.C.P. art. 2411. But for present purposes, had Thomas done so, he would have discovered that there were no funds to which the Writ could attach and therefore, no funds for MRB to sequester.  It is undisputed that on the day MRB was served with the Writ, and on the day later on when it was maintained, MRB was owed considerably more by Kologik than the balances in the cash collateral and checking accounts.  Because there were no funds to which the Writ could have attached had this played out to its conclusion in state court, Thomas is due no damages.  To rule otherwise would bestow an unearned windfall on Thomas.  For the same reasons, no damages are due against MRB's successor, MMB.  And finally, as to the complaint's request for recognition of a privilege on the accounts previously held at MRB, that issue is best left for the rulings to come on the related motions filed by Thomas and Kologik.

**IV. Conclusion**

The court finds that competent summary judgment evidence demonstrates that there are no genuine issues of material fact with respect to the Banks' Motion, and MRB and MMB are entitled to judgment as a matter of law without the need for a trial. The court will issue a separate judgment dismissing Thomas's complaint as to MRB and MMB.

Baton Rouge, Louisiana, March 28, 2025.

<u>**/s/ Michael A. Crawford**</u>
MICHAEL A. CRAWFORD
UNITED STATES BANKRUPTCY JUDGE